ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-40060-01-JAR |
| ) | |
| JULIO RUBEN RUIZ-LOPEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM ORDER AND OPINION DENYING THE GOVERNMENT'S MOTION TO RECONSIDER

This matter comes before the Court on the government's Motion to Reconsider Order Granting Defendant's Motion to Suppress (Doc. 27). The government asks the Court to reconsider its April 26, 2006 Order by certifying two questions to the Kansas Supreme Court. The motion is now fully briefed and the Court is prepared to rule. For the reasons explained below, the Court denies the government's motion.

**I. Order Granting Motion to Suppress**

On April 26, 2006, this Court granted defendant's motion to suppress evidence found during a nighttime traffic stop along I-70 on June 10, 2005 (Doc. 26). Deputy Tracey Trammel of the Shawnee County Sheriff's Department stopped defendant's vehicle because he could not see a registration tag on the vehicle. However, there was a Missouri temporary paper tag in the rear window of the vehicle that was unobstructed. Despite being made aware of the temporary tag upon pulling over defendant's vehicle, Deputy Trammel continued to ask defendant and the passenger of the vehicle questions and asked for defendant's license and registration documentation, eventually citing defendant for "Ill. Display of Tag," telling him that he could

not see the license tag because it was dark and there was no light on the tag.  After returning defendant's documents, Deputy Trammel asked for and received consent to search the vehicle, where he ultimately found methamphetamine.  The Court suppressed the evidence because the duration of the stop was unlawfully extended beyond Deputy Trammel investigating the stated purpose for the stop, whether the vehicle was validly registered.

The government opposed suppression on two grounds: (1) the extended duration of the stop was justified by K.S.A. § 8-133, which requires rear registration plates to be clearly visible and unobstructed; and (2) the extended duration was based on a violation of K.S.A. § 8-1706(c), which states:

> (c) Either a tail lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty (50) feet to the rear.  Any tail lamp or tail lamps, together with any separate lamp or lamps for illuminating the rear registration plate, shall be so wired as to be lighted whenever the head lamps or auxiliary driving lamps are lighted.

This Court held that § 8-133 was not a valid basis by which to extend the stop under the Tenth Circuit's decision in *United States v. Edgerton*,[1] which dealt with virtually identical facts, and found that the statute did not apply to a temporary tag posted in the rear window of a vehicle.  The Court further held that § 8-1706(c) was not a valid basis by which to extend the duration of the stop because the government's interpretation of the statute was impracticable, for the same reasons discussed by the Court in *Edgerton*.

Now, the government urges this Court to reconsider its earlier decision and instead certify the following questions to the Kansas Supreme Court: (1) whether display of a temporary

---

[1] 438 F.3d 1043, 1050 (10th Cir. 2005).

registration tag in the rear window of a vehicle, which is neither clearly legible nor clearly visible due to nighttime lighting conditions, violates K.S.A. § 8-133; and (2) whether display of a temporary registration tag in the rear window of a vehicle, which is not illuminated and not clearly legible from a distance of fifty feet to the rear of the vehicle, violates K.S.A. § 8-1706(c).

## II.  Analysis

The government moves this Court to certify questions of state law to the Kansas Supreme Court pursuant to the Uniform Certification of Questions of Law Act, K.S.A. § 60-3201. Pursuant to K.S.A. § 60-3201, the Kansas Supreme Court may answer questions of law certified to it, when requested by the certifying court:

> [I]f there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

The decision to certify rests within the discretion of the Court.[2]  It is not to be "'routinely invoked whenever a federal court is presented with an unsettled question of state law.'"[3] And, even if there is no state law governing an issue, certification is not compelled.[4]  Defendant correctly points out that motions for certification after receipt of an adverse ruling from the district court are disfavored in this circuit.[5]

---

[2]*Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716–17 (10th Cir. 2005); *Marzolf v. Gilgore*, 924 F. Supp. 127, 129 (D. Kan. 1996).

[3]*Marzolf*, 924 F. Supp. at 129 (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406 (10th Cir. 1988)).

[4]*Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1217 n.22 (10th Cir. 2002); *Boyd Rosene & Assocs. v. Kan. Mun. Gas*, 178 F.3d 1363, 1365 (10th Cir. 1999).

[5]*See, e.g.*, *Boyd Rosene & Assocs.*, 178 F.3d at 1365 n.1; *Harvey E. Yates Co. v. Powell*, 98 F.3d 1222, 1229  (10th Cir. 1996) (citing *Massengale v. Okla. Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994)); *Roane v. Koch Indus.*, 103 F. Supp. 2d 1286, 1291 (D. Kan. 2000).

The Court declines to certify the government's proposed questions to the Kansas Supreme Court. First, the Court finds the motion to be dilatory. "Late requests for certification are rarely granted . . . and are generally disapproved, particularly when the district court has already ruled."[6] Here, the Court has already ruled adversely to the government on the issues sought to be certified. The government did not seek certification prior to the Court's decision on the motion to suppress. Second, the Court does not find that the goals of the certification procedure would be served here. "'When used properly, certification saves time, energy, and resources, and helps build a cooperative judicial federalism.'"[7] The Court finds that certification at this time would be wasteful of the parties' and the Court's time, energy, and resources that have already been spent briefing, researching, and determining the issues involved in the motion to suppress.

Finally, the Court does not find that certification is compelled in this case simply because there is no controlling law on the matter in Kansas. As the Court already determined, there is controlling law on the § 8-133 issue in the Tenth Circuit, which this Court is bound to follow. The government suggests that the question for certification on this issue would resolve whether the Court's holding is in conflict with Kansas law as set forth in *State v. Hayes*.[8] But the facts of that case are distinct from the facts in this case and in *Edgerton* because a part of the temporary tag in *Hayes* was found to be obscured. One of the key facts, if not the key fact, that the Tenth Circuit discussed in *Edgerton*, was that "the tag was illegible not due to any material within

---

[6] *Boyd Rosene & Assocs.*, 178 F.3d at 1365.

[7] *Id.* (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974)).

[8] 660 P.2d 1387, 1389–90 (Kan. Ct. App. 1983).

Defendant's ability to control, but due to external conditions."[9]  In *Hayes*, the Kansas Court of Appeals held that "the display of an illegible or obscured vehicle tag is a violation of K.S.A. 8-133 even if the vehicle is duly licensed in another state."[10]  This holding does not conflict with either *Edgerton* or this Court's holding on the motion to suppress.  The question in these cases is whether external conditions *alone* may constitute a violation of K.S.A. § 8-133.  The government never disputed that the temporary tag in this case was otherwise unobscured.  The Court sees no need to certify a question to the Kansas Supreme Court to resolve obviously distinguishable facts and issues.

The Court further finds that the goals of certification would not be served with regard to § 8-1706(c).  The government characterizes the Court's order as "noting an absence of case law interpreting the reach of the statute."  First, as already discussed, an absence of state law on a matter does not compel certification.  Second, this is not an entirely accurate recitation of the Court's Order.  In fact, the Court noted that neither the Kansas or Missouri courts had ever followed the interpretation advocated by the government of the illumination statutes at issue here.  The only cases this Court was able to locate upheld initial traffic stops on the basis that the vehicles' white registration lamps were not operational, and therefore in violation of an illumination statute.[11]  The Court found that this further supported its contention that the rationale in *Edgerton* applied equally to the government's interpretation of the illumination

---

[9]*United States v. Edgerton*, 438 F.3d 1043, 1050 (10th Cir. 2005).

[10]660 P.2d at 1389.

[11]*See, e.g.*, *United States v. Flowers*, No. 02-40108-01-SAC, 2003 WL 356057, at *1 (D. Kan. Jan. 13, 2003) (upholding initial stop based on reasonable suspicion of traffic violation); *State v. Krogman*, 97 P.3d 528 (table), 2004 WL 2085597, at *2–3 (Kan. Ct. App. Sept. 17, 2004) (same).

statutes; namely, that this interpretation would allow for a stop and prolonged detention of every vehicle with a temporary tag in the rear window.[12]

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's Motion to Reconsider (Doc. 27) is **denied**.

**IT IS SO ORDERED**.

Dated this 9th day of May 2006.

    S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

[12] Defendant correctly points out that the Court refrained from deciding whether Kansas or Missouri law would control on the issue, noting that the statutes were virtually identical.